Per Curiam.

Plaintiff, a resident of the large housing complex in The Bronx known as Co-op City, entered into a written agreement (as "Licensee”) to garage his automobile in one of several parking facilities operated within the project by the defendant corporation ("Licensor”). The vehicle was stolen and later recovered in "unrepairable” condition, and the plaintiff seeks to recover the value of the car in this action for "breach of bailment”.
The agreement between the parties expressly stated that it was a "license for storage only” (see, Security Mut. Ins. Co. of N.Y. v Airport Parking Co. of Amer., 68 Misc 2d 628). While section 5-325 of the General Obligations Law prohibits a garage for hire from exempting itself from liability for its own negligence, it does not prevent contracting parties from creating a licensor-licensee relationship (Rudolph v Riverdale Mgt., 202 Misc 586; Langenthal v American Stuyvesant Garage, 72 Misc 2d 189). Moreover, we find as a matter of law, that the arrangement between the parties did not rise to the level of a bailment. The plaintiff could enter and exit at any time without supervision, always selected his own parking space, parked and locked his own car, and retained the keys. On these undisputed facts, there did not exist that measure of *401 dominion and control by defendant over plaintiff’s vehicle which creates a bailor-bailee relationship (Rudolph v River-dale Mgt., supra). The "parking ticket” cases (see e.g., Maleh v Katz Parking System, N.Y.L.J., Dec. 18, 1973, p 2, col 1; Continental Ins. Co. v Meyers Bros. Operations, 56 MisC 2d 435) are distinguishable.
Hence, in the absence of proof of negligence by the defendant, it may not be held responsible for the loss (Ellish v Airport Parking Co., 42 AD2d 174, affd on opn of Hopkins, J. below, 34 NY2d 882). As plaintiff has not raised triable issues or presented any evidentiary facts of neglect on the part of the defendant, the complaint must be dismissed.
Order, entered October 8, 1974 reversed, with $10 costs, motion granted, and complaint dismissed.
Concur: Frank J. P., Fine and Dudley, JJ.